(No. 2350—

JOURNAL PRINTING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

JOURNAL PRINTING COMPANY, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The Journal Printing Company, a corporation, doing business at Springfield, Illinois, is engaged in the business of printing and bookbinding.

It alleges that on or about the 3rd day of June, 1933, the State of Illinois, through its Division of Printing, gave the Journal Printing Company an order to print and bind 1,000 copies of the 32nd Annual Report of the Illinois State Bee-

keepers Association, and pursuant to that order, the Journal Printing Company made delivery on September 23, 1933 to E. J. McCormick, Secretary, Illinois State Beekeepers Association, and presented a bill for the cost of said printing and binding to the State Superintendent of Printing on September 19, 1933, and was advised that the appropriation from which payment for this work should have been made had lapsed, and that no funds were available to make payment of this claim amounting to $608.74.

No question arises about the facts. The voucher in payment of this account was issued September 23, 1933 by the Illinois State Beekeepers Association and transmitted to the Department of Finance. Somehow, the voucher was lost in the Department of Finance and did not clear before the appropriation lapsed. Consequently, payment was not made.

It has been the holding of this court where services were rendered and supplies furnished to the respondent, for which an appropriation had been made, but for which payment was not made before such appropriation lapsed, an award will be made for the amount upon the recommendation of the department receiving same. In a letter dated March 27, 1934, from E. T. Rank, Superintendent of Printing, it was recommended that the claim be allowed, and the Attorney General in his brief states that in his opinion, this is a claim which the State should pay.

Therefore, an award is made in favor of claimant in the sum of $608.74.